# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TOWNSHIP OF TINICUM, COUNTY OF DELAWARE, PENNSYLVANIA<br>Plaintiffs,<br><br>v.<br><br>CITY OF PHILADELPHIA<br>Defendant. | Civil Action<br><br>No. 09-2872 |

November 12, 2010

**OPINION**

Now before the court are plaintiffs' Motion for Reconsideration and Motion to Stay Proceedings to Enforce the Judgment (Docket Nos. 58 & 60). For the reasons that follow and the reasons previously expressed in my August 27, 2010, Opinion and Order (Docket Nos. 57 & 58 [hereinafter "Order" and "Opinion" respectively]), I will deny plaintiffs' motions.

**I. Background**

This suit was brought pursuant to 53 P.S. § 14161 by Delaware County and the Township of Tinicum, a township located in Delaware County, seeking a declaration by this court that the Pennsylvania statute precludes the defendant City of Philadelphia, as owner of the Philadelphia International Airport ("PHL" or the "Airport"), from

purchasing land for airport purposes in the Township and County without the assent of both Township and County officials.[1] This court ruled that insofar as the projected application of the statute was to bar expansion of the Airport unless acquiesced in by County and Township officials, the statute was preempted by the Federal Aviation Act, 49 U.S.C. 40101 *et seq.*, as amended by the Vision 100 Act of 2003, Pub. L. No. 108-176, 117 Stat. 2490 (Dec. 12, 2003). This ruling was embodied in the Opinion and Order of August 27, 2010.

Plaintiffs have now filed two motions. The first is a motion for reconsideration of the August 27 judgment. The second is a motion to stay enforcement of the August 27 judgment (1) pending disposition of the motion for reconsideration, and (2) if this court denies the motion for reconsideration, until thirty days after disposition of the motion for reconsideration, in order to permit plaintiffs to file a notice of appeal from the August 27

---

[1] 53 P.S. § 14161 reads:

All cities of the first class within this Commonwealth are hereby authorized and empowered to acquire by lease, purchase, or condemnation proceedings any land lying either within or, with the consent of the local authorities where such land is situated without the limitations of said city which, in the judgment of the corporate authorities thereof, may be necessary and desirable for the purpose of establishing and maintaining municipal airdromes or aviation landing fields.

53 P.S. § 14161.

judgment and move for a further stay of enforcement pending an appeal pursuant to Rule 62(c).[2]

## II. Motion for Reconsideration

### A. Reconsideration standard

Plaintiffs have brought their motion for reconsideration pursuant to both Federal Rule of Civil Procedure 59(e) and Rule 60(b). A brief review of these rules is in order.

Rule 59(e) permits a district court to "to alter or amend a judgment" if a motion is filed "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "Under Rule 59(e), a party must rely on one of three grounds: 1) the availability of new evidence not previously available, 2) an intervening change in controlling law, or 3) the need to correct a clear error of law or to prevent manifest injustice." *Smith v. City of Chester*, 155 F.R.D. 95, 96–97 (E.D. Pa. 1994).

Rule 60(b) provides additional grounds on which a party may be granted relief from a final judgment, order, or proceeding.[3] "The remedy by Rule 60(b) is

---

[2] Although plaintiffs state that they "will move for a stay of execution [pending appeal] pursuant to Rule 62(d)," a motion to stay an injunction pending an appeal is made pursuant to Rule 62(c).

[3] The rule reads:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

3

extraordinary, and special circumstances must justify granting relief under it." *Page v. Schweiker*, 786 F.2d 150, 158 (3d Cir. 1986). Examples of situations where courts have granted relief under Rule 60(b) are "obvious errors of law that are apparent on the record, . . . errors caused by judicial inadvertence, or under other extraordinary circumstances." *Id*.

Plaintiffs here do not refer to any particular aspects of Rule 59(e) or a particular prong of Rule 60(b) that entitles them to relief, and instead argue in broad terms that reconsideration of this court's Opinion and Order is necessary "to correct clear errors of fact and to prevent manifest injustice," without identifying what the asserted manifest injustice would be.

---

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

## B. Is reconsideration warranted?

### 1. "Erroneous facts"

Plaintiffs' Motion for Reconsideration contends that "this Court's Opinion . . . is based upon several erroneous facts":

The first "erroneous fact" cited by plaintiffs is this court's recital that "[t]he majority of the Airport is located in the City of Philadelphia, but part of it lies in Tinicum Township, Delaware County." Plaintiffs contend that the record shows that "the majority of the Airport and its runways are already located in Tinicum Township." Plaintiffs then argue that "[t]o the extent this Court relied on the assumption that the majority of the Airport was located in Philadelphia as a basis for denying Plaintiffs' Motion For Judgment on the Pleadings, such assumption was a clear error." However, the asserted discrepancy is not of a sort that supports reconsideration of this court's Opinion and Order under Rule 59(e) or Rule 60(b), for it has no bearing on the question of preemption. The preemptive force of the Federal Aviation Act does not turn on the extent to which the Airport already lies in Tinicum; instead, preemption is a consequence of the congressional purpose of ensuring aviation safety.

The second "erroneous fact" attributed to this court's Opinion is keyed to the court's recital that "'[a]t the heart of this dispute is the fact that both plans would require the UPS facility, currently located in Tinicum, to be relocated to a new site, also in Tinicum.' Such a statement is erroneous because the CEP merely *proposes* to move the

5

UPS facility to another location but does not *require* it." It is not at all clear, however, that what plaintiffs perceive to be an error is an error. In their Motion for Reconsideration, plaintiffs "concede that the current land upon which UPS is located must be utilized for the new runways, and Plaintiffs do not oppose the acquisition of the land in Tinicum Township upon which the current UPS facility is located for use as a new runway. However, Plaintiffs do oppose the acquisition of the land in Tinicum Township where the CEP *proposes* to move UPS." It appears that what plaintiffs are asserting is a right to *edit*, and thereby *set limits to* and, in short, *redesign* a project of national importance planned by an agency of the United States pursuant to express congressional directive. The CEP contemplates that "[t]he UPS facility south of the Airport would be relocated to a new site in Tinicum." DEIS S-8; *id.* at S-11 ("Both alternatives would relocate the UPS facility . . . to a new location west of the airport in Tinicum . . . ."). Whether or not relocation of UPS is deemed a *requirement*, or merely an *expectation*, has no bearing on the issue of preemption. Pursuant to either verbal configuration, the acquisition of Tinicum land contemplated by the CEP would be a "land acquisition . . . associated with the runway or runway extensions" and an "airport development project . . . facilitating a reduction in air traffic congestion and delays." 49 U.S.C. § 47175(3). As stated in the Opinion, "making the PHL airspace safer is a key ingredient of the CEP developed for PHL," and the purchase of land for the relocation of the UPS facility is at

6

the core of the CEP.[4]

The third "erroneous fact" plaintiffs identify is the perceived difference in setting of the case at bar and *Burbank-Glendale-Pasadena Airport Authority v. City of Los Angeles*, 979 F.2d 1338 (9th Cir. 1992), a case this court's August 27, 2010, Opinion relies on. Plaintiffs put it this way:

> The *Burbank* court determined that the ordinance interfered with the construction and reconstruction of taxiways and runways which is critical to the safety of take offs and landings. . . . Plaintiffs are not attempting to interfere with the construction and reconstruction of taxiways and runways—which is why they consented on the record to the purchase of the current UPS facility in Tinicum to allow for a new runway. However, the record is void of any evidence that the purchase of the land in Tinicum for a *possible* future new site of UPS is related to the construction and reconstruction of taxiways and runways.

And plaintiffs further argue:

> To the extent this Court relied on the assumption that the acquisition of the additional land in Tinicum is actually needed for aviation safety, as compared to the land needed for a runway in *Burbank*, [as] a basis for denying Plaintiffs' Motion for Judgment on the Pleadings, such assumption was clear error.

It is clear that plaintiffs are not actually asserting that this court's prior Opinion rests on

---

[4] Though not directly pertinent to the legal conclusion, I note that the UPS facility in Philadelphia "has been a gateway for countless tons of merchandise since it was built in 2005 . . . [,] handl[ing] 80,000 packages and documents per hour . . . [, and] averag[ing] 44 daily flights in and out of Philadelphia." Linda Loyd & Maria Panaritis, *Tons of UPS cargo moves through Phila. daily*, PHILADELPHIA INQUIRER, Oct. 30, 2010, at A1, A6. Last year, its planes landed 1.7 million tons of cargo at PHL, representing about 57 percent of all freight at the Airport. *Id.* It would appear that abandoning PHL completely would be a decidedly nontrivial endeavor for UPS. Moreover, it is clear that moving UPS away from the Philadelphia Airport, and to another airport, would involve a major revision of national and international air transport patterns.

7

an "erroneous fact." No such error is specified. What plaintiffs appear to be actually contending is that the record made in *Burbank* supported the conclusion that "the land needed for a runway" was "actually needed for aviation safety," but that the record in this case does not support the conclusion that the land whose acquisition the CEP has prescribed is "actually needed for aviation safety." That conclusion plaintiffs characterize as "clear error." But it is apparent that the so-called "clear error" relates not to an "erroneous fact" but to the failure of the record, as plaintiffs read that record, to support a conclusion of law. Such a contention may be the stuff of an appeal, but not of a motion for reconsideration under Rule 59(e) or Rule 60(b).

Thus, none of the three "erroneous facts" plaintiffs have sought to identify is a ground for reconsideration.

*2. Scope of the Order*

Plaintiffs additionally argue that the Order is overly broad because "there is no guarantee that future CEPs will not propose to purchase land in the Township of Tinicum unrelated to air safety." This argument, too, does not support reconsideration of the judgment. By definition, a CEP must be a project (such as a runway project) that facilitates a reduction in air traffic congestion and delays, a goal undoubtedly related to air safety. *See* 49 U.S.C. § 47175(3). The Order bars only the application of § 14161 to purchases of land "in connection with a federally-approved Capacity Enhancement Project," and it also limits the scope of the injunction to those purchases "for the CEP at

8

Philadelphia International Airport . . . approved by the Federal Aviation Administration." Order at 1–2. Plaintiffs have not made any showing other than speculation about a future CEP. If a future CEP is thought by plaintiffs not to rest upon an adequate record justification, plaintiffs could presumably question the applicability of the present Order to an assertedly different setting. Plaintiffs' fears of the conjectural impact of a possible future CEP of a scope broader than the scope of the present CEP do not support their motion for reconsideration.

### III. Motion for Stay

#### A. Stay standard

Federal Rule of Civil Procedure 62(b) permits a district court to stay enforcement of a judgment pending the disposition of a Rule 59 or Rule 60 motion. *See* Fed. R. Civ. P. 62(b)(3), (4). Whether to grant a stay is within the sound discretion of a district court. *Combustion Sys. Servs., Inc. v. Schuylkill Energy Res., Inc.*, 153 F.R.D. 73, 74 (E.D. Pa. 1994). The plaintiffs, having brought the motion for a stay, bear the burden of proving that the equities balance in favor of a stay, by demonstrating the following: (1) that they will likely prevail on the merits of the motion for reconsideration and/or a future appeal; (2) that they will suffer irreparable harm if the stay is denied; (3) that the opposing party will not be substantially harmed by the stay; and (4) that the public interest will be served by granting the stay. *Id.*; *see also Harris v. Pernsley*, 654 F. Supp. 1057, 1059 (E.D. Pa. 1987); *Resident Advisory Bd. v. Rizzo*, 429 F. Supp. 222, 224 (E.D. Pa. 1977).

B. Is a stay warranted?

Considering the four factors listed above, I will deny the motion for a stay because the equities do not favor granting the motion. Plaintiffs' motion for reconsideration is to be denied, and, for the same reasons, I think it unlikely that plaintiffs will prevail on appeal. Plaintiffs also have not demonstrated that they will suffer irreparable harm if the stay is denied; their fears of neighborhood "annihilat[ion]" and the notion that "no sum of money can properly compensate plaintiffs if homes are taken and destroyed pending appeal" are strong on rhetoric but weak on legal argument. Granting a stay would, for the duration of the stay, bar landowners in Tinicum from exercising their time-honored right to decide for themselves whether to accept or reject a proposed offer of purchase as their own interests dictate. By contrast, defendant may be substantially harmed by a stay that further delays progress on the CEP, thereby increasing congestion and delays and potentially compromising air safety. Finally, the public interest will not be served by granting the stay, which will only serve to impede progress on a project of national importance. Considering these factors in the aggregate, I deny plaintiffs' motion for a stay.

**IV. Conclusion**

For these reasons, I will deny plaintiffs' Motion for Reconsideration and also deny plaintiffs' Motion for Stay. An appropriate order accompanies this opinion.